Filing # 85596803 E-Filed 02/27/2019 02:35:39 PM

IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| Daniel Giovino, | Case No.: _____ |
| *Plaintiff,* | |
| vs. | Section: _____ |
| Radius Global Solutions LLC, | Ad Damnum: $5,000 + Atty Fees & Costs |
| *Defendant.* | Jury Trial Demanded |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Daniel Giovino**, ("Mr. Giovino"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Radius Global Solutions, LLC** ("Radius"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Giovino against Radius for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**"), the Fair Credit Reporting Act, 15 U.S.C. 1681, *et. seq.* ("**FCRA**"), and the Florida Consumer Collection Practices Act, Section 559.55, Florida Statutes *et. seq.* ("**FCCPA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA 15 U.S.C. 1681p, the FCCPA, Section 559.77(1), Florida Statutes, and Section 34.01, Florida Statutes.

3. Radius is subject to the provisions of the FDCPA, the FCRA, and the FCCPA, and are subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Polk County, Florida because the acts complained of were committed and / or caused by Radius within Polk County.

## PARTIES

5. **Mr. Giovino** is a natural person residing in Polk County, Florida and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), the FCRA, 15 U.S.C. 1681a(c), and the FCCPA, Section 559.55(8), Florida Statutes.

6. **Radius** is a Minnesota corporation with a primary business address of **7831 Glenroy Rd., Suite 250, Edina, MN 55439.**

7. Radius is registered to conduct business in the state of Florida where its registered agent is **C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.**

8. Radius is licensed by the State of Florida as a Consumer Collection Agency ("CCA") under license number **CCA0900498. SEE PLAINTIFF'S EXHIBIT A.**

9. Radius is a "debt collector" within the meaning of the FDCPA and FCCPA, 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, respectively, in that it uses postal mail or another instrumentality of commerce, interstate and within the state of Florida, for its business, the principal purpose of which is the collection of debts. Alternatively, it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

### The Debt

10. Around July 2017, Mr. Giovino's minor child was taken to Lakeland Regional Medical Center ("**Lakeland Regional**") by the child's birth mother, for emergency medical treatment.

11. Mr. Giovino had no knowledge at the time that his child was being taken to Lakeland Regional for medical treatment, nor did he participate in bringing her to Lakeland Regional.

12. Emergency medical treatment was provided by Osprey Emergency Physicians ("**Osprey**"), who thereafter alleged that approximately $900 was owed for such treatment ("**the Debt**").

13. The Debt arose from services which were for family, personal, or household purposes, specifically medical treatment for an immediate family member, and therefore meets the definitions of debt within the FDCPA and FCCPA, 15 U.S.C. § 1692a(5) and Section 559.55(6), Florida Statutes, respectively.

14. The Debt was later purchased by Radius, or otherwise transferred or assigned to Radius for collection.

### Radius' Requests of a CBR regarding Mr. Giovino Without Permissible Purpose

15. On February 8, 2018, Radius, in connection with the collection of the Debt, requested Mr. Giovino's credit bureau report ("**CBR**") from Trans Union, a nationwide consumer credit reporting agency ("**CRA**").

16. Radius again requested a CBR regarding Mr. Giovino from Trans Union on August 6, 2018 and January 10, 2019.

17. A record of Radius' inquiries was logged by Trans Union. **SEE PLAINTIFF'S EXHIBIT B.**

18. To lawfully request a CBR from a CRA, a debt collector must be collecting on a debt which arose from a "credit transaction" involving the consumer. 15 U.S.C. § 1681b(a)(3)(A).

19. "Credit means the right granted by a creditor to a debtor to *defer payment* of debt or to incur debts and *defer its payment* or to purchase property or services and *defer payment* therefor." *See* 15 U.S.C. § 1691a(d). (Emphasis added).

20. The alleged Debt arose from the provision of medical services and was *immediately* due and owing.

21. Further, while a patient in clear need of medical attention is presumed to consent to medical treatment and can be held legally liable for the payment of reasonable fees, Mr. Giovino did not make an *affirmative* request for deferred payment arrangements, nor did Osprey make any offer to Mr. Giovino of deferred payment arrangements.

22. In fact, at the time the Debt was incurred, Mr. Giovino was oblivious to the fact the Debt existed, since his daughter was in the care of her mother and the mother never conveyed any information about the hospital visit, any potential resulting debt, or any other information which would make Mr. Giovino aware a Debt existed.

23. Logically, Mr. Giovino could not have requested credit terms for a Debt which he did not know existed.

24. Thus, the alleged Debt did not arise from a credit transaction involving the consumer.

25. Because the Debt did not arise from a credit transaction involving the consumer, Radius lacked a permissible purpose each time it requested a CBR from Trans Union.

26. Despite this, Radius obtained a CBR from Trans Union on three separate occasions, each time falsely certifying to Trans Union it had a permissible purpose to obtain the reports.

### Radius' Collection Call to Mr. Giovino

27. On or about February 4, 2019, Radius called Mr. Giovino on his cell phone and attempted to collect the Debt from him.

28. Radius' February 4th call was its initial communication between Mr. Giovino and Radius.

29. Radius' agent stated that a Debt was owed to Osprey and asked Mr. Giovino to make a payment.

30. Mr. Giovino disputed the Debt to Radius' agent, stating that he had paid all outstanding medical bills owed.

31. Radius' agent then explained that the patient was Mr. Giovino's minor child.

32. Mr. Giovino has a FICO score over 700 with a good credit history.

33. At the time Mr. Giovino was called by Radius, he was in the process of having a new home built for his family and had been advised by his lender that his credit reports would be checked after construction was complete.

34. Radius' agent caused Mr. Giovino to be concerned that Radius intended to report negative credit history about him to the CRAs.

35. Radius never mailed any written correspondence to Mr. Giovino, with: 1) the amount of the debt; 2) the name of the creditor to whom the debt is owed; 3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; 4) a

statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and, 5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36. Requesting a CBR from a CRA is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

37. Mr. Giovino has hired the aforementioned law firm to represent him and has assigned said firm his right to the reasonable fees recoverable under the statutes. .

## COUNT I
## VIOLATIONS OF THE FDCPA

38. Mr. Giovino adopts and incorporates paragraphs 1 – 37 as if fully restated herein.

39. Radius violated **15 U.S.C. § 1692e(8)** when it communicated to any person credit information which is known or which should be known to be false, when it certified to Trans Union in August 2018 and January 2019 that it had a permissible purpose to obtain a credit report on Mr. Giovino, when the Debt did not arise from a credit transaction and Radius thus lacked such permissible purpose.

40. Radius violated 15 U.S.C. **§ 1692e(2)(a)** when Radius made a false representation about the character and legal status of a debt by claiming the Debt was a credit-based transaction for which a CBR could be obtained from Trans Union, when the Debt did not arise from a credit-based transaction.

41. Radius violated 15 U.S.C. § **1692e and 1692e(10)** in that it made false and misleading representations in an attempt to collect a debt and/or obtain information about Mr. Giovino by claiming the Debt was a credit-based transaction for which a CBR could be obtained from Trans Union, when in fact the Debt did not arise from a credit-based transaction.

42. Radius violated **15 U.S.C. § 1692g(a)** when it failed to mail to Mr. Giovino, within 5 days of its February 4, 2019 initial communication, written notice stating: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and, (5) that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

43. Radius' conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE**, Mr. Giovino respectfully requests this Honorable Court enter judgment against Radius for:

   a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   b. Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

   d. Such other relief that this Court deems just and proper.

## COUNT II
## RADIUS'S VIOLATIONS OF THE FCCPA

44. Mr. Giovino adopts and incorporates paragraphs 1 – 37 as if fully stated herein.

45. Radius violated Section **559.72(9)**, Florida Statutes, when it asserted a right that does not exist, specifically, the right to obtain a credit report from Trans Union regarding Mr. Giovino without permissible purpose to do so.

**WHEREFORE,** Mr. Giovino respectfully requests that this Honorable Court enter judgment against Radius, for:

a. Statutory damages of **$1,000** pursuant to Section 559.77(2), Florida Statutes;

b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

c. Reasonable costs and attorneys' fees pursuant to section 559.77(2), Florida Statutes; and,

d. Such other relief that this Court deems just and proper.

## COUNT III
## RADIUS'S VIOLATIONS OF THE FCRA

46. Mr. Giovino adopts and incorporates paragraphs 1 - 37 as if fully stated herein.

47. Radius violated 15 U.S.C. **§ 1681b(f)** when it obtained a CBR from Trans Union without permissible purpose, on three separate occasions within the last two years, as the alleged Debt did not arise from a "credit transaction involving the consumer."

48. Radius' conduct was willful and intentional, or, alternately, was done with a reckless disregard for consumer rights.

49. Radius is liable under the FCRA to Mr. Giovino in a statutory amount up to $1,000 *per incident*.

**WHEREFORE**, Mr. Giovino respectfully requests this honorable Court to enter judgment in his favor, and against Radius, for:

a. The greater of Mr. Giovino's actual damages or statutory damages of **$1,000** per incident (for a total of **$3,000**) pursuant to 15 U.S.C. § 1681n(a)(1)(B) or 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Giovino demands a jury trial on all issues so triable.

Respectfully submitted on February 27, 2019, by:

/s/ *Bryan J. Geiger*
Bryan J, Geiger, Esq.
Florida Bar Number: 119168
Seraph Legal, P. A.
2002 E. 5th Ave., Suite 104
Tampa, FL 33605
(813) 567-1230
BGeiger@SeraphLegal.com
Attorney for Plaintiff

## EXHIBITS

A   Defendant's Consumer Collection Agency License
B   Plaintiff's Trans Union Consumer Disclosure, February 6, 2019, Inquiries Excerpt